# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10CV546-GCM-DSC

| | |
|---|---|
| **ROBERT K. HARDY,** )<br>　　　**Plaintiff,** )<br> )<br>　　vs. )<br> )<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>　　　**Defendant.** ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and "Memorandum ... in Support ..." (document #11-1), both filed April 6, 2011; Defendant's "Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405 (g)" (document #12) filed May 2, 2011; and the parties' briefs concerning Defendant's Motion for Reversal and Remand. See documents ## 13 and 14.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is not supported by substantial evidence. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Reversal and Remand be granted; that the Commissioner's decision be reversed, and that this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

In their Motions and briefs, the parties agree that this matter should be remanded to the Commissioner for a new hearing and that the Order of Remand should contain instructions to the

Administrative Law Judge (ALJ) concerning one of the five assignments of error raised by Plaintiff in his Motion for Summary Judgment. The parties disagree as to whether the Order of Remand should also address the other assignments of error raised by Plaintiff.

Recognizing that upon remand, the ALJ will hold another hearing and that Plaintiff will be allowed to raise these and any other issues he wishes, the undersigned concludes that in the interests of judicial economy, all of Plaintiff's assignments of error should be included in the District Judge's instructions to the ALJ.

Accordingly, the undersigned respectfully recommends that the Commissioner's decision be <u>reversed</u> and the case <u>remanded</u> for further proceedings to include consideration of the following issues: Plaintiff's ability to perform his past relevant work; an evaluation of Plaintiff's Residual Functional Capacity done in accordance with 20 C.F.R. § 404.1545; an evaluation of whether substantial evidence supports a finding that Plaintiff can perform a full range of light work; an evaluation of Plaintiff's obesity done in accordance with SSR 02-1p; an evaluation of the opinion of Plaintiff's treating physician done in accordance with 20 C.F.R. §§ 404.1527 and 416.927; and proper consideration of the opinion made by another governmental agency regarding Plaintiff's disability.

## **RECOMMENDATIONS**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #11) be **GRANTED**; that Defendant's "Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405 (g)" (document #12) be **GRANTED**; that the Commissioner's decision be **REVERSED**; and this matter be

**REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[1]

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Graham C. Mullen.

**SO RECOMMENDED AND ORDERED**.

Signed: May 23, 2011

David S. Cayer
United States Magistrate Judge

---

[1] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).